Judges of the United States Court of Appeals for the Second Circuit, hear ye, hear ye, hear ye. All persons having business before the State Attorney of the United States Court of Appeals for the Second Circuit, draw near, give your attention, and ye shall be heard. Good morning. Welcome. Please be seated. Before we start, I want to do something that I neglected to do on Tuesday, which is say that Judge Livingston and I are pleased to be joined today, as we were on Tuesday, by the Honorable Jane Rustani of the Court of International Trade. Thank you. That having been said, we will hear whatever has to be said in Treasure Chest v. David Morris. Thank you, Your Honor. I'm the counsel for the appellant, David Morris, International. May it please this Court, there's only one point that I would want to emphasize that may not have come through in the briefs, and that is that when the affidavit was submitted by the plaintiff 12 days before Judge Buchwald sat for a bench trial, that was the equivalent of the trial starting. So if that is accurate, what I just said, then the evidence that was turned over in that affidavit would be the equivalent of turning over new evidence the day of trial. And that led to the appellant, my client, David Morris, International, being hamstrung and ambushed. Our position is that the evidence isn't sufficient, even if everything is accepted. And on that point, we would say that the strongest argument for the evidence not being sufficient, that they satisfied Section 1 of their contract, was that there is no evidence that 300,000 people viewed on a weekly basis for two products for 35 weeks. And so this Court would be completely correct in holding that the evidence is not sufficient, that that section of the contract was not met. And if they did not adequately perform their contract, their breach of contract claim fails under New York law, and therefore the case should be dismissed. Okay. I just wanted to get some clarification on that. It seemed to me that the evidence that they put on sufficient evidence on the mailing part, but the digital images, as I understood it, nobody has to click on anything. So if they did 500,000 e-mails, that would be good, or if they did 300 Facebook posts and they were viewed, not liked, but viewed, that would be sufficient, right? Something like that. Yes, Your Honor. We would disagree with your first point, but agree with your second point. I know you disagree that they fulfilled the mailing thing. No, no, I mean the specific thing you said about the digital. Explain to me what you think would fulfill the digital requirement. We would say, now we're the defendant, we would say exactly what the plaintiff said. I understand. You'd say their statement that we fulfilled our digital obligation is insufficient, that they had to say something more specific than that. That's your point, right? The fact that they said it doesn't make it true. No, but they said it. So I think your argument is that that wasn't specific enough. Well, they said it in their affidavit that they did it. So your argument must be that if he had said we did this many e-mails and this many digital things, you wouldn't find that sufficient? No, Your Honor. What do you think would be sufficient? Exactly what the plaintiff said. Now, remember, we're the defendant. They said actual eyeballs on the posting. So actual eyeballs on the e-mail, actual eyeballs on the Facebook post. But even if 300,000 people, it was sufficient just to put it on Facebook? They only showed that they did that one time for one week and not for 35 weeks. They didn't put on the evidence that you think they should have put on. He didn't even testify, Your Honor, that he did. Well, he put in his affidavit that he fulfilled the contractual requirement. That's what he said. Okay. So he got on there, and you cross-examined him, and you didn't say, well, how many e-mails did you send? How many Facebook postings did you make? You didn't do that. That's correct, Your Honor, because it's not my burden to prove, so I'm not going to ask questions that lead him to proving his case. I'm going to leave it up to either his affidavit or . . . And Mr. Morris didn't say anything about it either? The only information that Mr. Morris has was exactly what he testified to, which is out of 1.4 supposed mailings, he got zero hits. So no one ever contacted him after this mailing was supposedly done. After the e-mails? After the e-mails. I thought he got 6,000 responses. They call that 6,000 leads, but we never actually, when we followed up with those leads, no one knew what we were talking about. We got zero. There's a little confusion there, and I think Your Honor is correct. They gave us what they called 6,000 leads, but of those zero people became customers, were customers, or knew what we were talking about when we contacted them. Will you just give me your definition of digital impression? I would adopt the definition that Plaintiff used, which is actual eyeballs on the e-mail or the digital impression. And where did they use that? I don't have that page number in front of me. I can send a letter to the court. What about what the judge said in her opinion? I have no disagreement with what the judge said at this level. On the definition? On the definition. I can adopt that. What I would say is that they haven't shown the evidence that it actually happened, particularly because there are supposed to be two products for 35 weeks, and part of Rule 26a disclosure is you would expect there to be all sorts of information turned over at that level. We never got to the point where we could file a motion to compel. We attempted three times with Judge Buchwald to ask for permission to file a motion to compel, but all three times she had a pre-motion conference, denied our right to file. She told you to file specific document requests, right? That's correct, Your Honor. So our point on that is by that point, and this was just a litigation strategy, it's one that she recognized and I stand by, the cost of litigation just became too expensive. This was a $100,000 dispute contract. We had three motions to continue to push forward on this. We finally were at the point, just like with e-discovery, now you have proportional discovery. We got to the point where we made this strategy. Show us your cards. Prove that you adequately performed the contract. If you do that, we'll pay you. But if you haven't, then we don't feel as if there's an obligation. Could you just, following up on my colleague, the declaration says Treasure Chest published all of the additional materials provided to it by David Morris in Treasure Chest's weekly electronic newsletters and posted the same on its social media pages. What's deficient about that? So that is a correct statement, and in our briefs we say that's a half truth, presented as a whole truth. We didn't, they didn't ask us and we didn't turn over any other electronic, whatever they, they did what they said they did in a very wooden fashion. But there weren't two products given. There weren't 35 weeks' worth of e-mails. That part of the contract wasn't fulfilled. I'd be like if I said, you know, I went to a Giants game. You know, every Giants game you invited me to. And there was an argument, well, was it a full season or not? Well, you only invited me to one, so by definition it would only be one. They never made the argument that we did anything to inhibit them from fulfilling the contract. So that wasn't raised in their answer and it was never raised during litigation. So I would consider that to be conclusive evidence that they did not fulfill their contract, even using their wooden statement. Thank you, Your Honors. Don't you suffer from, you know, from not having explored what that meant? I mean, why, back to Judge Livingston's question, why isn't that a sufficient basis for Judge Buchwald to have made the findings she found? That they fulfilled it for two products for 35 weeks? Why is that not sufficient, Your Honor? Because it's not our burden to put forward the evidence that should have been produced. That is evidence. I'm sorry, I don't know what you're saying. That's evidence. The evidence that they, it is evidence when they said we did everything, we published everything you gave to us. But when we say that's only one thing and there's only one thing in the record instead of 70, that would be evidence, Your Honor, but not sufficient evidence to show 35 weeks for two products. Thank you. Thank you, Mr. Linden. We'll reserve decision on this matter.